**SHIUFANG OUYOUNG, Petitioner,**

v.

**Michael B. MUKASEY,\* United States Attorney General, Respondent.**

**No. 07–3867–ag.**

United States Court of Appeals, Second Circuit.

Jan. 8, 2009.

*See also Esposito v. I.N.S.,* 987 F.2d 108, 110–11 (2d Cir.1993) (*per curiam* ).

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Armin A. Skalmowski, Alhambra, California, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Shiufang Ouyoung, a native and citizen of the People's Republic of China, seeks review of the August 10, 2007 order of the BIA denying her motion to reopen. *In re Shiufang Ouyoung*, No. A77 353 949 (B.I.A. Aug. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In reviewing the BIA's denial of a motion to reopen, we have remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We find that the BIA did not abuse its discretion in denying Ouyoung's motion to reopen as untimely. The BIA's regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). Here, there is no dispute that Ouyoung's May 2007 motion was untimely where the BIA issued its final order in August 2006. *See id.* However, the time limit for filing a motion to reopen may be equitably tolled where the movant presents a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 160 (2d Cir. 2006); *see also Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000).[2]

---

**2.** Contrary to the government's argument, it is well-established that claims of ineffective assistance of counsel raised to the BIA in motions to reopen are rooted in the Fifth Amendment's Due Process Clause, and in the statutory right to counsel (at no government expense) in expulsion proceedings. *See* 8 U.S.C. §§ 1229a(b)(4)(A), 1362 (2000); 8 U.S.C. § 1252(b)(2) (1996) (amended 1997);

Here, however, the BIA reasonably found that Ouyoung failed to demonstrate that her former counsel or immigration consultant were involved in filing a fraudulent BIA decision in this Court. Indeed, Ouyoung proceeded *pro se* before the BIA and this Court, and failed to provide evidence that her former counsel and immigration consultant were involved in those proceedings. Thus, because the BIA did not err in finding that Ouyoung failed to demonstrate ineffective assistance of counsel such that the time period for filing a motion to reopen should be tolled, it did not abuse its discretion in denying her untimely motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

*Rabiu v. INS,* 41 F.3d 879, 882–83 (2d Cir. 1994).